MIKE MANDUN, as Administrator, etc., of NICHOLAS MANDUN, Deceased, Respondent, *v.* BLUE VALLEY CREAMERY COMPANY, Appellant.

First Department, October 30, 1925.

Motor vehicles — action to recover for death of plaintiff's intestate — plaintiff failed to prove that defendant's automobile truck struck plaintiff's intestate — judgment for plaintiff reversed.

A judgment in favor of the plaintiff in an action to recover damages for the death of plaintiff's intestate who, it is alleged, was struck by an automobile truck belonging to the defendant, must be reversed, since there is no evidence that the plaintiff's intestate was struck by defendant's automobile truck.

APPEAL by the defendant, Blue Valley Creamery Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 2d day of December, 1924, upon the verdict of a jury for $6,000, and also from an order denying defendant's motion for a new trial made upon the minutes.

*Robert H. Charlton,* for the appellant.

*Philip Lerman* [*Lowen E. Ginn* of counsel], for the respondent.

MARTIN, J.:

This is an appeal from a judgment for plaintiff entered on a verdict fixing damages in the sum of $6,000 for the death of plaintiff's intestate, alleged to have been caused by defendant's negligent operation of an automobile truck. The appellant urges as a ground for reversal that plaintiff failed to prove that the decedent was struck or injured by defendant's automobile.

The complaint alleges:

" *Third.* That on or about said date, defendant owned a certain automobile truck bearing license No. C-910172-N. Y., 1922."

**212** BECKWITH S. AGENCY *v.* ORANGE CO. HERALD PUB. CO., INC.

First Department, October, 1925. [Vol. 214

The answer denies all of the allegations of the complaint except the ownership of the automobile marked as above and that it was operated by one Ulrich.

At the close of plaintiff's case the defendant moved to dismiss the complaint, asserting that no negligence on its part had been shown. This motion was denied by the trial court, exceptions being noted. The defendant then rested, renewed the motion to dismiss and, in addition, moved for the direction of a verdict in its favor upon the ground that no negligence of defendant had been shown. This motion was denied and exceptions taken.

Evidently realizing that he had failed to prove that the defendant's automobile struck the deceased, counsel for the plaintiff insisted that the defendant's attorney should admit such to be the fact. The attorney refused to do so. It is now argued that his conduct was such that we should consider it to be admitted that the defendant's automobile struck the decedent. Not only was this denied in the pleadings, but it was the subject of discussion at the trial.

The plaintiff's attorney had ample notice that he had not proved the fact that the deceased was struck by defendant's automobile and that it was necessary to do so. His efforts to obtain an admission having been unsuccessful and the record being without such proof, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

CLARKE, P. J., DOWLING, MERRELL and McAVOY, JJ., concur.

Judgment reversed and new trial ordered, with costs to the appellant to abide the event.